# EXHIBIT A

*Reports at Na<sup>l</sup>ional Indemnity*

*Claim N° 004219 96*

IN THE STATE COURT OF DEKALB COUNTY
STATE OF GEORGIA

| | | |
|---|---|---|
| JOSEPH FANFAN, | § § | |
| Plaintiff, | § § | Civil Action File No. |
| v. | § § | 19A74709 |
| | § | |
| JAMES HENSLEY, | § | |
| EXPRESS FREIGHT SYSTEMS, INC., | § | |
| HEC LEASING, LLC, and | § | |
| NATIONAL INDEMNITY COMPANY | § | |
| OF THE SOUTH, | § § | |
| Defendants. | § | |

## COMPLAINT

COMES NOW Plaintiff in the above-styled action, and hereby files this Complaint against Defendants and shows the Court as follows:

1.

Defendant James Hensley (hereinafter "Defendant Hensley" or "Defendants") is subject to the jurisdiction and venue of this Court. Service may be made on Defendant Hensley pursuant to the Georgia Long Arm Statute and/or Non-Resident Motorist Act at 103 Backwoods Drive, Hohenwald, Tennessee 39462.

2.

Jurisdiction is proper as to Defendant James Hensley pursuant to Georgia law, including the Georgia Long Arm Statute and/or Non-Resident Motorist Act.

3.

Venue is proper as to Defendant James Hensley pursuant to Georgia law, including but not limited to O.C.G.A § 40-1-117(b) and the Georgia Long Arm Statute and/or Non-Resident Motorist Act. The collision at issue occurred in DeKalb County, Georgia.

4.

Service is proper as to Defendant James Hensley pursuant to Georgia law, including the Georgia Long Arm Statute and/or Non-Resident Motorist Act.

5.

Service of process is proper as to Defendant James Hensley pursuant to Georgia law, including the Georgia Long Arm Statute and/or Non-Resident Motorist Act.

6.

Defendant Express Freight Systems, Inc. (hereinafter "Defendant Express Freight" or "Defendants") is a foreign corporation, authorized to transact business in the State of Georgia and subject to the jurisdiction and venue of this Court. Defendant Express Freight Systems, Inc. may be served through its registered agent at 634E Fitzhugh Boulevard, Smyrna, Tennessee 37167 and/or served via the Secretary of Statue under O.C.G.A. § 40-1-117(b) and/or served via its designated process agent, #1 A+ Agents of Process, Inc., Renee Lamback, 7980 Errol Drive, Lithonia, GA 30058.

7.

Upon information and belief, Defendant Express Freight Systems, Inc. ceased operations following the incident at issue and sought to administratively dissolve. However, Defendant maintains assets to include significant insurance policies covering the incident at issue, and pursuant to Georgia law, corporations cannot avoid liability obligations by merely closing its business. See, e.g. O.C.G.A. § 14-2-1408(b). Accordingly, Georgia law permits, and Plaintiff has, served Defendant through its Registered Agent.

8.

Jurisdiction is proper as to Defendant Express Freight Systems, Inc. pursuant to Georgia law, including the Georgia Long Arm Statute and/or Non-Resident Motorist Act.

9.

Venue is proper as to Defendant Express Freight Systems, Inc. pursuant to Georgia law, including but not limited to O.C.G.A § 40-1-117(b). The collision at issue occurred in DeKalb County, Georgia.

10.

Service is proper as to Defendant Express Freight Systems, Inc. pursuant to Georgia law, including the Georgia Long Arm Statute and/or Non-Resident Motorist Act.

11.

Service of process is proper as to Defendant Express Freight Systems, Inc. pursuant to Georgia law, including the Georgia Long Arm Statute and/or Non-Resident Motorist Act.

12.

Defendant HEC Leasing, LLC (hereinafter "Defendant HEC" or "Defendants") is a foreign corporation, authorized to transact business in the State of Georgia and subject to the jurisdiction and venue of this Court. Defendant HEC Leasing, LLC may be served through its registered agent G Tommy Hodges, 413 Blue Ribbon Parkway, Shelbyville, Tennessee 37160 and/or served via the Secretary of Statue under O.C.G.A. § 40-1-117(b).

13.

Jurisdiction is proper as to Defendant HEC Leasing, LLC pursuant to Georgia law, including the Georgia Long Arm Statute and/or Non-Resident Motorist Act.

14.

Venue is proper as to Defendant HEC Leasing, LLC pursuant to Georgia law, including but not limited to O.C.G.A § 40-1-117(b). The collision at issue occurred in DeKalb County, Georgia.

15.

Service is proper as to Defendant HEC Leasing, LLC pursuant to Georgia law, including the Georgia Long Arm Statute and/or Non-Resident Motorist Act.

16.

Service of process is proper as to Defendant HEC Leasing, LLC pursuant to Georgia law, including the Georgia Long Arm Statute and/or Non-Resident Motorist Act.

17.

At the time of the subject collision, Defendant National Indemnity Company of the South (hereinafter referred to as "Defendant National Indemnity" or "Defendants") provided a policy of liability insurance on behalf of Defendants James Hensley, Express Freight Systems, Inc. and HEC Leasing, LLC common carriers for hire under Georgia Law under Policy Number 74TRB001748 which was in full force and effect on May 26, 2017. Defendant National Indemnity Company of the South is subject to suit via the direct action statute pursuant to Georgia law including but not limited to O.C.G.A. § 46-7-12. Service may be made upon Defendant National Indemnity Company of the South through its registered agent Corporation Service Company, 40 Technology Parkway South, #300, Norcross, Georgia 30092.

18.

Jurisdiction is proper as to Defendant National Indemnity Company of the South.

19.

Venue is proper as to Defendant National Indemnity Company of the South.

20.

Service is proper as to Defendant National Indemnity Company of the South.

21.

Service of process is proper as to Defendant National Indemnity Company of the South.

22.

On May 26, 2017, Plaintiff was traveling west on I-285 while Defendant Hensley was operating a tractor trailer in a lane adjacent to Plaintiff's lane. Defendant Hensley, without warning, improperly changed lanes impacting Plaintiff's motor vehicle causing Plaintiff's vehicle to impact two other non-party vehicles as it spun across I-285.

23.

On May 26, 2017, Defendant Hensley was operating a tractor trailer as an employee or otherwise in an agency capacity for Defendant Express Freight.

24.

At the time of the collision at issue, Defendant Hensley was acting in the scope of employment or otherwise in an agency capacity for Defendant Express Freight.

25.

At the time of the collision at issue, Defendant Hensley improperly changed lanes while failing to yield the right of way to other vehicles, including Plaintiff's vehicle. As a result, Defendant Hensley caused the collision with Plaintiff's vehicle resulting in Plaintiff's injuries and subsequent damages. The collision occurred in DeKalb County, Georgia.

26.

Defendants' negligence includes, but is not limited to one or more of the following: failing to maintain lane, failing to appropriately change lanes, following too closely, negligently failing to maintain a proper speed, not keeping a proper look-out, failing to use motor vehicle devices, traveling in a lane of travel that is illegal for tractor-trailers, and any other acts of negligence that may be proven at the time of trial.

27.

Defendant Hensley was operating the vehicle he was driving at the time of the collision with the express and/or implied permission of Defendant Express Freight.

28.

Defendant Hensley was operating the vehicle at the time of the collision with Plaintiff while in the scope of employment or otherwise in an agency capacity for Defendant Express Freight.

29.

Defendant Express Freight is liable for the negligence of Defendant Hensley based upon principles of vicarious liability, agency and apparent authority and/or apparent agency.

30.

At the time of the collision at issue, Defendant Express Freight knew or should have known that Defendant Hensley was not qualified by experience, safety or otherwise to operate the vehicle at issue such that Defendant Express Freight is liable for negligent entrustment.

31.

Prior to and at the time of the collision at issue, Defendant Express Freight knew or should have known that Defendant Hensley was not qualified to operate the vehicle at issue

based upon his level of experience and training such that Defendant Express Freight is liable for negligent hiring and retention.

32.

Defendant HEC Leasing is liable for the negligence of Defendant Hensley and/or Defendant Express Freight based upon principles of vicarious liability, agency and apparent authority and/or apparent agency.

33.

At the time of the collision at issue, Defendant HEC Leasing knew or should have known that Defendant Hensley and/or Defendant Express Freight was not qualified by experience, safety or otherwise to operate the vehicle at issue such that Defendant HEC Leasing is liable for negligent entrustment.

34.

Prior to and at the time of the collision at issue, Defendant HEC Leasing knew or should have known that Defendant Hensley and/or Defendant Express Freight was not qualified to operate the vehicle at issue based upon his level of experience and training such that Defendant HEC Leasing is liable for negligent hiring and retention.

35.

Defendant Hensley failed to operate his vehicle with due care exercised by individuals in like or similar circumstances and operated his vehicle in a manner showing a disregard for the safety of others, including Plaintiff.

36.

Defendants' negligence in violation of Georgia's motor vehicles law constituted negligence per se and negligence as a matter of law.

37.

Plaintiff sustained injuries and damages, which were directly and proximately caused by the negligence of Defendants.

38.

Due to Defendants' negligence, Plaintiff suffered serious injuries, physical pain, permanent injury, mental and psychological suffering, inconvenience and other injuries and damages as proven at the time of trial of this matter.

39.

As a result of Defendants' negligence, Plaintiff has incurred reasonable, necessary and continuing medical expenses from the injuries, and will continue to incur expenses in the future, in an amount to be proven at trial.

40.

Plaintiff is entitled to recover for the injuries and pain and suffering sustained, and all other elements of damages allowed under Georgia law, including but not limited to all compensatory, general, special, incidental, consequential, punitive and/or other damages permitted. Plaintiff states his intention to seek all compensatory, special, economic, consequential, general, punitive and all other claims and damages permissible under Georgia law, including, but not limited to the following:

(a)   personal injuries;

(b)   past, present and future pain and suffering;

(c)   past, present and future lost wages and economic damages;

(d)   past, present and future medical expenses;

(e)   mental anguish;

(f)   loss of ability to labor and lost wages;

(g)   loss of capacity for the enjoyment of life;

(h)   loss of wages;

(i)   incidental expenses; and

(j)   consequential damages to be proven at trial.

41.

Each of the foregoing acts and omissions constitutes an independent act of negligence on the part of Defendants and one or more or all of the above stated acts with the proximate causes of the injuries to Plaintiff. Defendants are jointly and severally liable for Plaintiff's injuries and damages allowed under the laws of the State of Georgia.

42.

Pursuant and applicable Georgia law, Defendants are liable to Plaintiff and responsible for payment of damages incurred by Plaintiff as a result of the negligent acts of one or more Defendants.

43.

Defendants acted with willful misconduct, malice, fraud, oppression, wantonness and an entire want of care raising the presumption of a conscience indifference to the consequences. Accordingly, Plaintiff is entitled to recover punitive damages, without limitation or cap, from each of the Defendants, in accordance with the enlightened conscience of an impartial jury.

44.

Defendants' actions, were and are stubbornly litigious, and have caused Plaintiff undue expense. Thus, Plaintiff is entitled to recover his necessary expenses of litigation, including an

award of reasonable attorney's fees and expenses required by this action, pursuant to O.C.G.A. § 13-6-11, as well as any other statutory or common law basis.

WHEREFORE, Plaintiff demands:

a) that process issue and the Defendants be served as provided by law;

b) that Plaintiff have judgment against the Defendants in an amount the jury finds will adequately compensate Plaintiff for his injuries and damages, general, compensatory, consequential and special, which have been sustained;

c) that all costs be taxed against the Defendants;

d) that this Court grant such other and further relief as it deems just and proper;

TRIAL BY JURY IS HEREBY DEMANDED.

This 17th day of May, 2019.

**JAMES A. RICE, JR., P.C.**

/s/ *Andrew J. Brandt*
Andrew J. Brandt
Georgia State Bar No. 962436
Attorney for Plaintiff

563 Spring Street, NW
Atlanta, GA  30308
404-255-4448

STATE COURT OF
DEKALB COUNTY, GA.
5/17/2019 12:09 PM
E-FILED
BY: Monica Gay